UNITED STATES DISTRICT COURT
EASTERN DIVISION OF KENTUCKY
**NORTHERN DIVISION at ASHLAND**

| | |
|---|---|
| LAVONDA KAY WHITAKER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 0:13-CV-115-JMH |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of ) | **MEMORANDUM OPINION & ORDER** |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\*

This matter is before the Court upon cross-motions for summary judgment [DE 10 and 11] on Plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits (DIB) and supplemental security income (SSI).[1] The Court, having reviewed the record in this case and the motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence, and, thus, the Court will grant Defendant's motion and deny Plaintiff's motion.

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

**I.**

Plaintiff was 43 years old at the time of the ALJ's decision (Tr. 21, 170), had an eighth grade education, and had worked in the past as a custodian, a housekeeper, and a hand packer (Tr. 43, 196- 197). Plaintiff alleged disability onset on November 15, 2009 (Tr. 164) due to chronic obstructive pulmonary disease (COPD), hyperlipidemia, bi-polar disorder, seizure disorder, high blood pressure, high cholesterol, depression, arthritis and carpal tunnel syndrome (Tr. 195). Plaintiff protectively filed an application for supplemental security income (SSI) on April 15, 2010 (Tr. 170-173, 205). An administrative law judge (ALJ) held a hearing on February 14, 2012 (Tr. 28-47) and issued an unfavorable decision on March 16, 2012 (Tr. 11-21). After considering the testimony and evidence of record, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform a reduced range of light work (Tr. 17- 19). In reaching that conclusion, the ALJ considered the report of a consultative examination from consultative examiner Karen Grantz, Psy.D. The ALJ also considered and gave greater weight to the opinion of state agency consultative physician, Carlos X. Hernandez, M.D., than to that of treating nurse practitioner Shannon Stephens.

Dr. Hernandez opined that Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently; she could stand, walk and sit six hours each in an eight hour day; she could occasionally climb ramps and stairs, balance, stoop, kneel, and crouch and could never climb ladders ropes or scaffolds (Tr. 57-58). Dr. Hernandez also opined that Plaintiff was limited to frequent reaching with the right upper extremity and frequent handling and fingering bilaterally (Tr. 58). He further found Plaintiff needed to avoid concentrated heat, cold, and pulmonary irritants and needed to avoid all exposure to hazards (Tr. 59). The ALJ gave great weight to Dr. Hernandez's opinion because he found it was consistent with the medical evidence as a whole (Tr. 19).

Nurse Practitioner Stephens wrote a letter in August 2010 in which she opined that a disability claim was in Plaintiff's best interest (Tr. 517). Ms. Stephens later filled out opinion forms in November 2010 in which she opined Plaintiff could lift and carry less than ten pounds occasionally, could sit and stand about two hours each in an eight hour day, could never climb, crouch, kneel, or crawl and could occasionally balance and stoop (Tr. 594-595). Ms. Stephens also opined that Plaintiff was limited to an unstated degree in reaching, handling, pushing, pulling and speaking and that she was restricted from heights,

3

moving machinery, temperature extremes, dust, chemicals, fumes, humidity and vibration (Tr. 595). Ms. Stephens also indicated that Plaintiff could not perform her past work, could not perform "sustained handwork" while sitting for six to eight hours or "sustained clerical or sales work" while standing six to eight hours; she could not perform sustained lifting or carrying, drive a motor vehicle, or stand and work operating hand or foot controls for six to eight hours; and she could not relate to coworkers, handle the stress of productive work activity, or maintain regular attendance or attention and concentration (Tr. 596).

Ultimately, based on Plaintiff's age, education, work history, RFC and vocational expert testimony, the ALJ found Plaintiff could perform jobs existing in significant numbers in the national economy (Tr. 20). Therefore, the ALJ found Plaintiff was not disabled (Tr. 20-21). The Appeals Council denied Plaintiff's request for review on June 13, 2013 (Tr. 1-3). This case is ripe for review pursuant to 42 U.S.C. § 1383(c)(3).

**II.**

The Administrative Law Judge ("ALJ"), conducts a five-step analysis to determine disability:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
> 2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.
>
> 3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.
>
> 4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.
>
> 5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id*. "If the analysis reaches the fifth step without a finding that the

5

claimant is not disabled, the burden transfers to the Secretary." *Id.*

**III.**

Pursuant to 42 U.S.C. § 405(g), this Court reviews this administrative decision to determine "whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)) (internal quotation marks omitted). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)) (internal quotation marks omitted). In other words, as long as an administrative decision is supported by "substantial evidence," this Court must affirm, regardless of whether there is evidence in the record to "support a different conclusion." *Lindsley*, 560 F.3d at 604-05 (citing *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)) (internal quotation marks omitted) ("administrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion").

**IV.**

As a threshold matter, Plaintiff contends that the ALJ erred in relying on an unsigned consultative examination from Dr. Grantz and that, thus, the ALJ's decision is unsupported by the evidence of record. [Pl.'s Br. at 5-6 (citing 20 C.F.R. § 416.919o(b)).] However, the record demonstrates that Dr. Grantz provided an appropriate electronic signature when submitting her report. [Tr. 481.] Dr. Grantz' submission of an Electronic Records Express attestation was a sufficient signature for her consultative examination. *See* Program Operations Manual System (POMS) DI 22510.015(C)(1) (noting that the Electronic Records Express attestation submissions are acceptable consultative examination report signatures).[2] Therefore, to the extent the ALJ relied on Dr. Grantz' consultative examination in his decision, there was no error due to the absence of a signature because the report of the examination was properly signed by Electronic Records Express attestation.

Next, Plaintiff argues that the ALJ erred in giving more weight to the opinion of the consultative agency physician, Dr. Hernandez, than to that of her treating nurse practitioner, Ms. Stephens, because Ms. Stephens had examined Plaintiff while Dr.

---

[2] Found at https://secure.ssa.gov/apps10/poms.nsf/lnx/0422510015 (last visited September 23, 2014).

Hernandez had not and because Dr. Hernandez did not have the complete record, including Ms. Stephens' opinion, at the time of his opinion. [Pl.'s Br. at 6.] The Court cannot ignore, however, that Ms. Stephens is not an "acceptable medical source" upon whose opinion the Commissioner may rely to establish the existence of a medically determinable impairment because only "acceptable medical sources" can provide medical opinions and, thus, only "acceptable medical sources" can be considered treating sources whose opinions may be entitled to controlling weight. *See* 20 C.F.R. §§ 416.902, 416.913(a), 416.927(a)(2), (c); Social Security Ruling (SSR) 06-03p, 2006 WL 2329939, at *2 (S.S.A.). True, Ms. Stephens' opinion was entitled to consideration as an "other source," but it was not entitled to any special deference. SSR 06-03p, 2006 WL 2329939, at *2 (S.S.A.); *see* 20 C.F.R. §§ 416.912(b)(4), 416.913(a), (d), 416.927; *Cruse*, 502 F.3d at 540-41 (an ALJ has discretion to determine the proper weight to give "other sources."). Additionally, Ms. Stephens' opinions about whether Plaintiff was able to work are issues reserved to the Commissioner and are due no particular weight. *See* 20 C.F.R. § 416.927(d)(1); *Ferguson*, 628 F.3d at 274.

Further, even the opinion of a treating physician – the quintessential "acceptable medical source" – may be disregarded

or greater weight may be given to a nonexamining source if the treating physician's opinion is unsupported by objective medical evidence and is inconsistent with the record as a whole. *See* 20 C.F.R. § 416.927(c)(3)-(4); *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390-91 (6th Cir. 2004); *see also Massey v. Comm'r of Soc. Sec.*, 409 F. App'x 917, 920-21 (6th Cir. 2011) (affirming ALJ's denial of benefits where he gave great weight to a non-examining medical expert after properly discounting treating physician opinions and where medical evidence supported the non-examining physician opinion). Here, although she was not an "acceptable medical source," the ALJ gave good reasons to discount Ms. Stephens' very restrictive opinion because he found that the results of her examinations were not consistent with her opinion. [Tr. at 19.] Specifically, the ALJ noted that, despite Ms. Stephen's opinion that Plaintiff was disabled due to shortness of breath and chronic pain, practically all of Ms. Stephens' examinations of Plaintiff revealed normal results [Tr. at 19, 433, 436, 439, 442, 445, 447, 449, 520, 523, 526, 543, 546, 548, 551, 554, 557, 560, 563, 566, 568.] As such, even if the Court were to assume that Ms. Stephens were due more deference than she was given as a nurse practitioner (which it does not), the ALJ properly discounted Ms. Stephens' opinions, and the evidence, such as Ms. Stephens' repeated normal

findings, supported the less restrictive opinion of Dr. Hernandez.

Moreover, while Plaintiff contends that the ALJ improperly relied on Dr. Hernandez's opinion because he did not have the entire record before him, Plaintiff points to no specific evidence that would have changed the Commissioner's ultimate conclusion other than Ms. Stephens' discredited opinion. [Pl.'s Br. at 6.] If anything, considering the evidence in this matter, Plaintiff has identified a weakness in the evidence obtained from Dr. Hernandez, but it does not diminish the conclusions which may be drawn from Dr. Hernandez's opinion by the ALJ, nor does it suggest that the ALJ's opinion was not supported by substantial evidence. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) (rejecting the claimant's argument that substantial evidence contradicted the Commissioner's findings as a reason for remand where substantial evidence also supported the Commissioner's findings).

Accordingly, **IT IS ORDERED:**

(1) that Plaintiff's Motion for Summary Judgment [DE 10] is **DENIED** and

(2) that Defendant's Motion for Summary Judgment [DE 11] is **GRANTED.**

This the 26th day of September, 2014.

 Signed By:
*Joseph M. Hood*
Senior U.S. District Judge